UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| Livia Guillermety, Glenn D. Edgmon, and Fiore Botta, | ) ) ) | Civil Action No. 01-74904 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Honorable Paul D. Borman Honorable Steven D. Pepe |
| Secretary of Education of the United States and the Secretary of Treasury of the United States, | ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I.   Background

This case was filed by three senior citizens who collect Social Security. They contested the government's seizure of Social Security benefits to collect student loan debts that have been outstanding for longer than ten years. The Plaintiffs filed dispostive motions. Judge Borman granted summary judgment in Plaintiff Edgmon's favor and permanently enjoined the government from seizing his benefits.[1] Plaintiff Edgmon obtained a total and permanent disability discharge while the appeal was pending, and the parties eventually stipulated to dismiss the case. He is now seeking attorney fees from Defendant Secretary of Education ("Defendant" or "the government") in the amount of of $50,033.70.

II.   Legal Standard Under the EAJA for Awarding Attorney Fees

The EAJA provides that

---

[1] Plaintiffs Guillermety and Botta were not granted such relief because their claim had been outstanding for more than ten years.

1

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The standard for determining a prevailing party is addressed in *Farrar v. Hobby,* 506 U.S. 103 (1992). In order to qualify, a plaintiff must obtain at least some relief on the merits of his or her claim, and must obtain an enforceable judgment, or comparable relief through a consent decree or settlement. "Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. . . . Otherwise the judgment or settlement cannot be said to affect the behavior of the defendant toward the plaintiff." *Id.* at 111 (citations and internal quotation marks omitted). Thus, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12

As noted by this Court, "[i]n order for the Government to sustain its 'substantially justified' argument, all of its positions must have been reasonable." *United States v. A Leasehold Interest in Property*, 789 F. Supp. 1385, 1390 (E.D. Mich. 1992) (citing *Pierce v. Underwood*, 487 U.S. 552 (1988)) (applying the EAJA in the context of a federal seizure of property). The determination whether the position is substantially justified is within the court's discretion, *Pierce*, 487 U.S. at 559, and depends on whether the agency's analysis of the claimant's case was adequate and its conclusions based upon that analysis reasonable. *See, e.g., Rother v. Shalala*, 869 F. Supp. 899, 901 (D. Kan. 1994); *Williams*, 775 F. Supp. at 618.

III.    <u>Analysis</u>

    A.    *Prevailing Party under EAJA*

        1.    *Parties' Arguments*

Plaintiff argues that he was a prevailing party for purposes of the EAJA because he succeeded in stopping the government from offsetting his Social Security benefits. Judge Borman rejected the government's position regarding its authority to offset benefits to recover old debt.

Defendant contests Plaintiff's assertion that Edgmon was a prevailing party. The legal relationship between the parties was altered when Edgmon refiled his application for a discharge from liability because of his total and permanent disability. According to Defendant, if Edgmon promptly pursued that application, it was likely that the discharge would have been granted, and that the discharge would have been immediately effective. Even if his counsel was unaware of the March 2001, request and its denial before filing the complaint, his counsel was aware of this when the government filed its opposition to Plaintiff's motion for summary judgment in March 2002. Neither Edgmon nor his counsel resubmitted the application for discharge until November 2002. Because counsel and Edgmon were aware of the available administrative relief but chose not to pursue that remedy, Defendant contends that the request for fees should be denied because the litigation was unnecessary.

Plaintiff counters that he submitted his 2001 discharge application *pro se*, and in September 2001, received a notice from the Department of Education stating that he did not qualify for a discharge. It did not indicate that there were any technical defects in the application. Defendant did not reveal that Plaintiff's discharge application was denied because

3

of technical deficiencies until March 2002. Once Plaintiff's attorney's provided the missing physician's licence number, the government refused to grant the discharge and on October 18, 2002, requested that Plaintiff submit a new application. On November 12, 2002, after Plaintiff won a judgment prohibiting the government from offsetting his benefits, he submitted a second request for administrative discharge "upon the government's request." Plaintiff was approved for a conditional discharge, but the discharge could not become permanent until at least March 2004. Based on the conditional discharge, Plaintiff moved to dismiss Defendant's counterclaim, which sought collection of the debt. Defendant opposed this motion, positing that it should be able to go forward with its summary judgment counterclaim motion despite the conditional discharge. The court rejected the government's position. But the government proceeded despite Plaintiff's victories and appealed to the Sixth Circuit. Plaintiff then moved to dismiss Defendant's appeal based on the conditional discharge and the government opposed the motion. The Sixth Circuit agreed with Defendant because a permanent discharge was not inevitable. In its status report, the government informed the court that it had not yet been able to ascertain whether Plaintiff would be entitled to a permanent discharge of his defaulted student loan, and that it wished to proceed with the appeal. In July 2004, Plaintiff's counsel reported to the court that the government had not yet issued a permanent discharge. Defendant's appellate counsel repeatedly reported that the Department of Education had not yet decided the discharge issue. The permanent discharge was not final until August 2004, at which time the government agreed to dismiss its appeal. The relationship between the parties was actually altered before Plaintiff obtained his discharge, when the court ruled against Defendant. Additionally, Defendant's argument is a quasi-exhaustion of administrative remedies argument, which has no basis in law.

2. *Factual Analysis*

In this case, Plaintiff should be considered the prevailing party. At the time of the judgment, he obtained the relief he sought, which fits the *Farrar* definition. The fact that a case may be moot by the time it is appealed does not change the fact that a plaintiff was the prevailing party. *National Black Police Ass'n v. District of Columbia,* 168 F.3d 525, 582 (D.C. Cir. 1999); *Williams v. Alioto,* 625 F.2d 845 (9th Cir. 1980). The test is whether the plaintiff obtained the relief sought at the time of judgement. Also, fee awards are authorized in cases where a party prevails through a settlement rather than through litigation. *Id.*

The legal relationship between the parties changed at the time of the judgment, when the Court held "that the government may not offset a recipient's Social Security benefits in order to collect student loans that have been outstanding for more than ten years from the date the government's right to collect the debt first accrued." *Guillermety v. Sec'y of Education*, 241 F.Supp. 2d 727, 739 (E.D. MI 2002). Defendant's argument that Plaintiff should have pursued alternative remedies is unconvincing, especially when it was the government's action which delayed Plaintiff's access to any alternative relief. Yet, even though Plaintiff should be considered the prevailing party, he is not entitled to fees because the government's position was substantially justified.

B. *Substantial Justification*

According to Plaintiff, the government's position was not substantially justified. First, the interpretation of the Higher Education Assistance Act, ("HEAA") 20 U.S.C. § 1091a(a)(1)-(2), was unreasonable. For reasons stated in Judge Borman's opinion, there is a broad prohibition on attachment of benefits, which may be limited or modified only by express

reference to the section (42 U.S.C. § 407(b)).  Congress authorized the offset of Social Security benefits in 1996, but expressly retained the ten-year statute of limitations on the government's ability to use offset to collect debt.

The government counters by arguing that the relevant time period is not 1991, when HEAA in § 1091a eliminated limitation periods on student loans, but rather 1998, when social security benefits were added to the sources of funds that could be offset against debts owed to the government by the Debt Collection Improvement Act of 1996 (DCIA).  In 1996, Defendant presumes that Congress was aware that for student loans the Debt Collection Act's ten year limitation period of section 3716(e) did not apply by virtue of HEAA's § 1091a, and when it expanded the payment streams included in the offset program to include social security benefits.  It noted that *Lockhart v. United States*, 376 F.3d 1027 (9th Cir. 2004), makes the same assumption.

Defendant argues that the *Lockhart* decision provides "special circumstances."  While Plaintiff dismisses the Ninth Circuits cursory analysis of the issue, Defendant quotes the court's summary explanation for its ruling:

> A puzzle has been created by the codifiers[2]. But it seems clear that in 1996, Congress [in the Debt Collection Act] explicitly authorized the offset of Social Security benefits, and that in the Higher Education Act of 1991, Congress had overridden the 10-year statute of limitations as applied to student loans. That the codifiers failed to note the impact of the 1991 repeal on section 3716(e) [of the Debt Collection Act] does not abrogate the repeal. Because the Debt Collection Act's statute of limitation is inapplicable here, the government's offset is not time-barred.

*Lockhart*, 376 F.3d at 1030.

---

[2][Editor note] This refers to Congress in 1996 amending the Debt Collection Act to allow set off of Social Security benefits but did not modify that Act's ten year statute of limitations in section 3716(e)(1) to conform with its 1991 ending of such limitation periods for student loans.

Judge Borman made a detailed and thorough analysis of legislative history both of the policy behind the 1983 amendment to 42 U.S.C § 407(a) of the Social Security Act requiring express references to section 407(a) in order to allow future statutes to be interpreted as exposing Title II benefits to execution or levy or to other legal process such as set off.  He noted how Congress had no contemplation of affecting Social Security Benefits when in 1991 it amended the Higher Education Assistance Act,  20 U.S.C. § 1091a(a)(1)-(2), to exempt student loan repayments from any applicable statutes of limitations, because in 1991 42 U.S.C. § 407(a) specifically barred *any* collection of students loan debts from Social Security payments.  He also noted the concerns Congress expressed in 1996 when it provided selective and limited opportunities for the government to collect student loan debts from Social Security Payments when it amended the Debt Collection Act of 1982, 31 U.S.C. § 3716(c)(3)(A)(i)-(ii).  That amendment did not modify the 10 year statute of limitations in Debt Collection Act § 3716(e)(1) to exempt social security benefits and conform with HEAA section 1091a(a)(1)-(2).  Nor did that 1996 amendment expressly mention 42 U.S.C § 407(a) regarding limitation periods as Congress apparently wanted to require of itself before limiting § 407(a) protections on Social Security benefits.  Thus, Judge Borman concluded his extensive and complex syllogism by finding that Congress in 1996 did not implicitly amend 31 U.S.C. § 3716(e)(1) of the Debt Collection Act for Social Security set offs because of its earlier general legislation ending statutes of limitations for student loan collections.

Circuit Judge Noonan writing in 2004 for Circuit Judges Wardlaw and Paez in *Lockhart* determined just the opposite.  *Lockhart*'s brief analysis quoted above found that even though Congress in 1996 when authorizing set off against Social Security benefits did not notice the

possible effect of its 1991 Higher Education Act restrictions on statutes of limitations, that lack of focus did not abrogate the 1991 "repeal" of such statutes of limitation. Judge Noonan in *Lockhart* notes that the Court was required to "bend over backwards to pluck a viable claim from [*pro se* plaintiff] Lockhart's wide-ranging complaint." *Lockhart*, 376 F.3d at 1028. Apparently that effort exhausted his law clerk's energies because no effort was made to cite and discuss either Judge Borman's 2002 decision or any case law on point. *Lockhart* makes a straightforward conclusion that what Congress did not expressly do in its 1996 amendment to the Debt Collection Act it had already done in its 1991 amendment to the Higher Education Assistance Act. While *Lockhart* may be subject to criticism for too swift of an analysis and for faulting Congress for creating this "puzzle" in not removing the 10 year limitations on debt collection on student loans, its mode of analysis cannot be said to have left the reservation of reason and logic. When the government asserts that its arguments have been adopted by a unanimous panel of the Ninth Circuit, it is difficult to conclude the government's litigation position was not "substantially justified" under EAJA.

IV.     RECOMMENDATION

For the above stated reasons IT IS RECOMMENDED that Plaintiff's motion for fees be DENIED because the government's litigation position was substantially justified.

The parties to this action may object to and seek review of this report and recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 8, 2005                                    s/Steven D. Pepe
Ann Arbor, Michigan                                     UNITED STATES MAGISTRATE JUDGE

Certificate of Service

I hereby certify that on April 08, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Jacquelin Hotz</u>, and I further certify that I mailed a copy to the following non-ECF participant(s): <u>Deanne Loonin and Brian Wolfman</u>.

                                                        s/William J. Barkholz
                                                        Courtroom Deputy Clerk